# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 9:18-CV-81453-ROSENBERG/REINHART

TRENT CROSSEN & JENNIFER CROSSEN,

    Plaintiffs,

v.

USAA CAUSALTY INSURANCE COMPANY,

    Defendant.

_____/

## **ORDER ON DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant, USAA Casualty Insurance Company's Motion to Dismiss the Amended Complaint (the "Motion"), DE 29. Plaintiffs Trent and Jennifer Crossen responded at DE 32, and Defendant replied at DE 33. The motion is now ripe for review.

**I.    BACKGROUND[1]**

This case arises out of an insurance coverage dispute, wherein Plaintiffs claim Defendant breached their insurance contract by failing to fully cover property losses suffered in 2016 and 2017. Am. Compl., DE 28, 2. Specifically, Plaintiffs allege that they suffered losses as a result of a plumbing leak in July 2016, and again in September 2017 as a result of Hurricane Irma. *Id.* Defendant was allowed to inspect the property, and all conditions precedent were met. *Id.* Defendant however did not fully indemnify Plaintiffs for their losses. *Id.*

Plaintiffs proceeded to file this action in state court on March 18, 2018. *See* Compl., DE 1-2. Defendant then removed the action to this Court on October 25, 2018, *see* DE 1, and moved to dismiss the Complaint on November 1, 2018, DE 4. Defendant's first Motion to Dismiss, DE 4,

---

[1] All factual allegations in this section are drawn from Plaintiff's Amended Complaint, *see* DE 28, and accepted as true for the purpose of this motion to dismiss.

was substantially similar to the Motion to Dismiss that is currently before the Court, DE 29. A status conference was held on November 7, 2018, DE 12, during which Plaintiffs agreed to amend their Complaint. As a result, the first Motion to Dismiss was denied as moot and Plaintiffs were ordered to file an amended complaint by December 4, 2018. DE 13. When Plaintiffs failed to amend their Complaint, the case was dismissed for lack of prosecution. DE 17. Plaintiffs moved to vacate the dismissal, explaining that Plaintiffs' counsel had failed to comply with the Court's Order and filed an amended complaint due to a communication error within his office. DE 25. The Court granted the Motion to Vacate on February 8, 2019, DE 26, and Plaintiffs then filed the Amended Complaint, which is the subject of the instant Motion to Dismiss, on February 13, 2019, DE 28.

The Amended Complaint alleges two counts: Count I seeks declaratory judgment based on the facts outlined above; Count II seeks damages for a breach of contract claim. Am. Compl., DE 28. Defendant seeks to dismiss Count I of the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and seeks a more definite statement in Count II of the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(e). Mot., DE 29.

## II. MOTION TO DISMISS STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555 (citation omitted), and must provide sufficient facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *id.* Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

A. <u>Defendant's Motion to Dismiss Count I (Declaratory Judgment)</u>

Defendant argues that Count I of the Amended Complaint must be dismissed for two reasons. First, Defendant contends that "an action for declaratory judgment cannot be used for the determination of purely factual issues." Mot., DE 29, 4. Second, Defendant maintains that a declaratory judgment count must be dismissed if it is duplicative of a claim for breach of contract, which, if successful, would afford Plaintiff full recovery. *Id.* at 6. The Court addresses the latter argument first.

Courts may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." *Old Rep. Union. Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997). "A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v.*

3

*Nat't Union Fire Ins. Co.*, Case No. 11-21163-CIV, 2012 WL 1416428 at *2 (S.D. Fla. Apr. 24, 2012). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Fernando Grinberg Trust Success Int. Prop. LLC v. Scottsdale Ins. Co.*, Case No. 10-20448-CIV, 2010 WL 2510662 at *1 (S.D. Fla. June 21, 2010) (quoting *McIntosh v. Harbour Club Villas*, 468 So.2d 1075, 1080–81 (Fla.Dist.Ct.App.1985) (Nesbitt, J. specially concurring); citing *Taylor v. Cooper*, 60 So.2d 534, 535–36 (Fla.1952)). *See also ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, Case No. 18-60562-CIV-GAYLES/SELTZER, 2018 WL 3672265 at *3–4 (S.D. Fla. July 24, 2018) (dismissing a count for declaratory judgment when declaratory relief was "unnecessary" and "duplicative" in light of breach of contract claim) (adopted by District Court at Case No. 18-60562, DE 29); *Se. Distributors, Inc. v. United Specialty Inc. So.*, 16-24549-CIV, 2017 WL 960300 at *5 (S.D. Fla. Mar. 13, 2017) (dismissing count for declaratory judgment and noting "several courts in this district have dismissed claims seeking a declaratory judgment when the relief sought in the declaratory judgment claim is duplicative of or subsumed by the claims advanced in other counts of the complaint").

Plaintiffs resist dismissal of Count I and cite to *Kenneth F. Hackett & Associates v. GE Capital Information Tech Solutions*, for the proposition that the Court need not automatically dismiss the declaratory judgement claim. Pl. Resp., DE 32, 5; 744 F.Supp.2d 1305, 1311 (S.D. Fla. 2010). The *Hackett* court identified two concerns, which "dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of contract claim and judicial economy." *Id.* at 1310.

> The first consideration is whether additional benefits are available to a plaintiff through declaratory relief, which cannot be secured by a favorable ruling on its breach of contract claim. The judicial economy analysis asks whether the declaratory relief claim so overlaps the breach of contract claim as to be wholly subsumed by it, making litigation on the declaratory claim inefficient and unnecessary.

*Id.* The court concluded that the declaratory judgment claim in that case should *not* be dismissed, because plaintiff's "claim for declaratory relief is clearly forward-looking as is apparent from the language of the Amended Complaint." *Id.* at 1311. But here, Plaintiffs' Amended Complaint here is not forward-looking; all of their allegations relate to losses already suffered in 2016 and 2017.

Here, Plaintiffs have made a claim that their insurance contract was breached when Defendant did not fully indemnify them for losses related to a plumbing leak and Hurricane Irma damage. This claim can be fully vindicated through their breach of contract claim (Count II), so their declaratory judgment claim (Count I) is indeed unnecessary. Plaintiffs' "doubts" about their insurance policy (*see* Pl. Resp.,32, 2) can be fully litigated through Count II; indeed, most of these doubts are easily resolvable through discovery, as Defendant points out, *see* Def. Reply, DE 33, 2. Because Count I is redundant to Count II, the judicial economy analysis would also weigh in favor of dismissal. Therefore, the Court uses its discretion over declaratory judgment actions to dismiss Count I of the Amended Complaint. Because the Court finds ample support for dismissal based on Defendant's second argument, it need not address Defendant's first argument regarding the declaratory judgment count. Further, because Plaintiffs have already been afforded an opportunity to amend their complaint, this dismissal is with prejudice.[2]

B.  Defendant's Motion for More Definite Statement on Count II

Defendant also moves for a more definite statement of the breach of contract claim contained in Count II.

---

[2] The Court also notes that the amended pleadings deadline, which was pushed back after Plaintiffs failed to timely file an amended complaint last fall, has now expired. *See* Trial Order, DE 30, 4.

Federal Rule of Civil Procedure 12(e) entitles a party to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e). "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Pinto v. Microsoft Corp.*, Case No. 12-60509-CIV, 2012 WL 5986629 at *2 (S.D. Fla. Nov. 29, 2012) (quotations omitted). "The basis for requiring a more definite statement is not that the complaint lacked details, but rather that the complaint is unintelligible and the defendant is unable to respond." *Pinero v. Marlin Family, Ltd.*, Case No. 09-23565-CV-TURNOFF, 2010 WL 11504503 at *3 (S.D. Fla. March 29, 2010) (citations omitted). "Such a motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Pinto*, 2012 WL 5986629 at *2 (internal quotations omitted). Rule 12(e) motions "are generally disfavored." *Pinero*, 2010 WL 11504503 at *3.

Count II of the Amended Complaint is not *so vague and ambiguous* that Defendant will not be able to prepare a response. Defendant argues that it is not sure whether Count II refers to one or both of Plaintiffs' claimed losses. This is essentially a request for more detail in the pleading, which is not the purpose of Rule 12(e). As with Plaintiff's "doubts" about their policy, Defendant's doubts about the pleading can be resolved through discovery. Defendant's Motion for More Definite Statement is denied.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**: The Motion to Dismiss [DE 29] is **GRANTED IN PART and DENIED IN PART**, consistent with this Order. The Motion is granted to the extent that Count I of the Amended Complaint, for declaratory judgment, is dismissed with prejudice. The Motion is denied as to Defendant's request for a more

definite statement in Count II.

Defendant is **ORDERED** to file its answer to Count II of the Amended Complaint by March 22, 2019.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 19th day of March, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF